<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| BETHANIE L. MATTEK, LLC and BETHANIE MATTEK-SANDS, | |
| Plaintiffs, | Civil Action No.: 13-6188 (ES) (JAD) |
| v. | MEMORANDUM OPINION |
| DONNAY USA LTD; JERRY CHOE; and BOBBY CHOE, | |
| Defendants. | |

<u>SALAS, DISTRICT JUDGE</u>

This matter comes before the Court on Plaintiffs' motion for default judgment as to Defendant Donnay USA Ltd.[1] ("Defendant") (D.E. No. 37). On April 28, 2016, the Court held oral argument on Plaintiffs' motion. During oral argument, the Court preliminarily granted default judgment as to liability on Plaintiffs' claims for unjust enrichment (Count 2), right of publicity (Count 4), and false advertising under the Lanham Act (Count 6) (*see* Transcript of April 28, 2016 Hearing ("Tr.") at 12:6-14:19), but reserved its ruling on damages (*see id.* at 14:20-17:15). The Court permitted Plaintiffs to supplement the record and noted it would issue a single order as to liability and damages upon receipt of satisfactory supplemental submissions. (*See* Tr. at 18:14-18:19; *see also* D.E. No. 43). Plaintiffs submitted supplemental documentation and briefing on July 20, 2016. (D.E. No. 44, Plaintiffs' Supplemental Brief ("Pl. Supp. Br.")).

---

[1] The parties stipulated to the dismissal of Defendants Bobby Choe (D.E. No. 34) and Jerry Choe (D.E. No. 48).

Because the Court previously granted default judgment as to liability on Plaintiffs' claims for unjust enrichment, right of publicity, and false advertising under the Lanham Act, the sole remaining issue is whether (and if so, to what extent) Plaintiffs are entitled to damages. Plaintiffs seek damages in the amount of $342,500 for Defendant's unjust enrichment—or, in the alternative, for Defendant's violation of Plaintiffs' right of publicity—and for Defendant's false advertising in violation of 15 U.S.C. §1125(a) of the Lanham Act. (Pl. Supp. Br. at 14). In addition, Plaintiffs seek treble damages, attorney's fees, and costs under 15 U.S.C. § 1117 of the Lanham Act. (*Id.*). In support of Plaintiffs' application for attorney's fees and costs, Plaintiffs submitted for *in camera* review certifications from Annabelle Steinhacker, Esq. and Paul Greene, Esq., with billing statements annexed thereto. (*See* D.E. Nos. 46 & 47).

The Court finds that Plaintiffs' supplemental submissions provide ample support for an award of damages in the amount of $342,500 stemming from Defendant's false advertising under the Lanham Act.[2] Specifically, Plaintiffs explain that, had Defendant entered into a tennis racquet endorsement deal with Plaintiffs, Defendant would have been obligated to pay Plaintiffs (i) annual retainers and (ii) industry-standard performance bonuses. (Pl. Supp. Br. at 3). To that end, Plaintiffs submitted declarations from Plaintiff Bethanie Mattek-Sands (an internationally ranked tennis player) (D.E. No. 44-18) and Justin Sands (Ms. Mattek-Sands's husband and business manager) (D.E. No. 44-17) substantiating the amounts to which Plaintiffs would have been entitled. In addition, Plaintiffs submitted a valuation letter from CAA Sports (Ms. Mattek-Sands's representative agency) that is consistent with Plaintiffs' representations. Accordingly, the Court finds that Plaintiffs are entitled to (i) annual retainers for the years 2012 through 2016, totaling

---

[2] While Plaintiffs also seek damages for Defendant's unjust enrichment or, in the alternative, Defendant's violation of Plaintiffs' right of publicity, the Court finds that these claims "are encompassed under the Lanham Act" and that Plaintiffs "are not entitled to a double recovery." *Coach, Inc. v. Fashion Paradise, LLC*, No. 10-4888, 2012 WL 194092, at *8 (D.N.J. Jan. 20, 2012).

$125,000[3]; and (ii) performance bonuses from 2012 to date, totaling $217,500. (*See* Pl. Supp. Br. at 3-5). Therefore, the Court finds that an award of $342,500 fairly and accurately reflects Plaintiffs' damages.

Next, the Court finds that Plaintiffs are entitled to treble damages under § 1117 of the Lanham Act. A court may award treble damages "if the infringement is willful or intentional." *CrossFit, Inc. v. 2XR Fit Systems, LLC*, No. 13-1108, 2014 WL 972158, at *11 (D.N.J. Mar. 11, 2014).[4] The Third Circuit has explained that "willful infringement consists of more than the accidental encroachment of another's right. It involves an intent to infringe or a deliberate disregard of a mark holder's rights." *SecuraComm Consulting Inc. v. Securacom Inc.*, 166 F.3d 182, 187 (3d Cir. 1999), *superseded by statute on other grounds as recognized by Banjo Buddies, Inc. v. Renoksy*, 399 F.3d 168 (3d Cir. 2005).

The Court easily concludes that Defendant willfully misappropriated Plaintiffs' intellectual property rights. Here, Defendant entered into contract negotiations with Plaintiffs in an attempt to secure a tennis racquet endorsement deal. (*See, e.g.*, D.E. No. 44-7 at 7). Despite the fact that those negotiations fell through, Defendant in 2012 began using—and continues to use to this day—Ms. Mattek-Sands's name, likeness, image, and indicia without her authorization and without compensating Plaintiffs. (*Id.* at 6). Furthermore, Defendant was personally served with Plaintiffs' Complaint on October 23, 2013 (D.E. No. 5). *See Coach, Inc. v. Ocean Point Gifts*, No. 09-4215, 2010 WL 2521444, at *7 (D.N.J. June 14, 2010) (finding willfulness where defendant continued to infringe after receiving the complaint). Accordingly, the Court finds that Defendant's

---

[3] Although Plaintiffs represent that the industry standard for an annual retainer associated with a tennis racquet endorsement deal would have been approximately $36,000 in or around 2012, Plaintiffs seek damages based upon the annual retainer Defendant itself suggested during contract negotiations with Plaintiffs, i.e., $25,000. (Pl. Supp. Br. at 3).

[4] Unless otherwise indicated, all internal citations and quotation marks are omitted, and all emphasis is added.

- 3 -

misappropriation of Ms. Mattek-Sands's name, likeness, and indicia was—and continues to be—willful and egregious. *See Travelodge Hotels, Inc. v. Elkins Motel Assocs., Inc.*, No. 03-0799, 2005 WL 2656676, at *12 (Oct. 18, 2005) (awarding treble damages under the Lanham Act where defendant was put on notice of Plaintiff's trademark rights but continued to infringe); *see also A&H Sportswear Co., Inc. v. Victoria's Secret Stores, Inc.*, 167 F. Supp. 2d 770, 802 (E.D. Pa. 2001) (noting that Lanham Act damages may be enhanced "to deter cases of egregious infringement"). Therefore, Plaintiffs are entitled to treble damages in the amount of $1,027,500.

Finally, the Court finds that Plaintiffs are entitled to reasonable attorney's fees and costs. Under § 1117 of the Lanham Act, a "court in exceptional circumstances may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117. The Third Circuit has interpreted "exceptional" to mean involving culpable conduct. *Securacomm Consulting, Inc. v. Securacom Inc.*, 224 F.3d 273, 280 (3d Cir. 2000). Culpable conduct includes, for example, knowing infringement, bad faith, fraud, and malice. *Green v. Fornario*, 486 F.3d 100, 103 (3d Cir. 2007). As discussed *supra*, the Court can readily infer knowing infringement and thus finds that this case is exceptional for purposes of § 1117. The Court has reviewed Plaintiffs' supplemental documentation and finds that Plaintiffs' request for attorney's fees and costs in the amount of $31,862.90 is fair and reasonable given the procedural history and services required in this case.

An appropriate Order accompanies this Memorandum Opinion.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**